TIMOTHY J. YOO (SBN 155531)
EVE H. KARASIK (SBN 155356)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: tjy@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. 2:17-bk-17292-VZ |
| | ) |
| CORNERSTONE APPAREL, INC. | ) Chapter 11 |
| d/b/a Papaya Clothing, | ) |
| | ) **DEBTOR'S EMERGENCY MOTION FOR** |
| Debtor. | ) **ENTRY OF AN ORDER AUTHORIZING** |
| | ) **DEBTOR TO REJECT CERTAIN** |
| | ) **UNEXPIRED NON-RESIDENTIAL REAL** |
| | ) **PROPERTY LEASES PURSUANT TO 11** |
| | ) **U.S.C. § 365 AND ABANDON ANY** |
| | ) **REMAINING PERSONAL PROPERTY** |
| | ) **LOCATED AT THE LEASED PREMISES;** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) |
| | ) [Omnibus Declaration of Tae Yi Filed |
| | ) Concurrently Herewith] |
| | ) |
| | ) Date:         June 20, 2017 |
| | ) Time:         1:30 p.m. |
| | ) Courtroom:   1368 |
| | ) Location:     255 E. Temple Street |
| | )                   Los Angeles, California |
| | ) |

1

# SUMMARY

Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554, Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 2081-1(a)(12) and 9075-1, Cornerstone Apparel, Inc., a California corporation d/b/a Papaya Clothing, debtor and debtor-in-possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), hereby files this motion (the "Motion") for the entry of an order:

(A)    authorizing the Debtor to reject eight (8) of the Debtor's unexpired non-residential real property leases relating to the Debtor's retail stores which the Debtor is operating as of the Petition Date that are identified in the table immediately below (collectively, the "Rejected Operating Retail Stores,"), with the rejection of such leases for the Rejected Operating Retail Stores to be deemed effective as of June 30, 2017 as the Debtor has paid rent through that date:

| Landlord | Store Name & No. | Store Address |
|---|---|---|
| Tucson Premium Outlets LLC 225 W. Washington St Indianapolis, Indiana 46204 | Tucson Premium Outlet (No. AZF) | 6401 West Marana Center Blvd Tucson, Arizona 85742 |
| EMI Santa Rosa Limited Partnership 225 W. Washington St Indianapolis, Indiana 46204 | Santa Rosa Plaza (No. CNE) | 1003A  Santa Rosa Plaza Santa Rosa, California 95401 |
| Roseville Shoppingtown LLC 11601 Wilshire Blvd., 11th Fl. Los Angeles, California 90025 | Westfield Galleria at Roseville (No. CNG) | 1151 Galleria Blvd Roseville, California 95678 |
| Paragon Outlet White Marsh LLC 217 East Redwood St., 21st Fl. Baltimore, Maryland 21202 | Paragon Outlet Baltimore (No. MDE) | No physical address as mall not yet built. |
| Opry Mills Mall Limited Partnership 225 W. Washington St Indianapolis, Indiana 46204 | Opry Mills (No. TNA) | 127 Opry Mills Dr. Nashville, Tennessee 37214 |
| Galleria at Wolfchase LLC 225 W. Washington St. Indianapolis, Indiana 46204 | Wolfchase Galleria (No. TNB) | 2760 N. Germantown Plwy Memphis, Tennessee 38133 |

| New Rivercenter Mall II, LP<br>849 E. Commerce, Suite 895<br>San Antonio, Texas 78205 | River Center<br>(No. TXF) | 849 E. Commerce St.<br>San Antonio, Texas 78205 |
| Paragon Outlets Rosenberg Limited Partnership<br>217 East Redwood St., 21st Fl.<br>Baltimore, Maryland 21202 | Paragon Outlet Houston<br>(No. TZD) | No physical address as mall not yet built. |

(B)    authorizing (but not requiring) the Debtor to reject twenty two (22) of the Debtor's unexpired non-residential real property leases relating to the Debtor's retail stores which the Debtor vacated and is no longer operating as of the Petition Date that are identified in the table immediately below (collectively, the "Rejected Vacated Retail Stores," and individually, a "Vacated Retail Store"), with the rejection of such leases[1] for the Vacated Retail Stores to be deemed effective as of the Petition Date:

| Landlord | Store Name & No. | Store Address |
|---|---|---|
| East Mesa Mall LLC<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Superstition Springs<br>(No. AZA) | 6555 E. Southern Ave<br>Mesa, Arizona 85206 |
| Westday Associates Limited Partnership<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Paradise Valley Mall<br>(No. AZC) | 4568 E. Cactus Rd. #B022<br>Phoenix, Arizona 85032 |
| Desert Sky Mall LLC and JCP Realty TIC LLC<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Desert Sky Mall<br>(No. AZD) | 7611 W. Thomas Rd. #G5<br>Phoenix, Arizona 85033 |
| Temecula Towne Center Associates | Promenade Mall | 40820 Winchester Rd. |

---

[1] The leases for the Vacated Retail Stores and the Rejected Operating Retail Stores are collectively referred to as the "Leases," and individually, a "Lease").

| | | |
|---|---|---|
| LLC<br>50 Public Square, Suite 1360<br>Cleveland, Ohio 44113 | (No. CAA) | Temecula, California 92591 |
| Newage PHM LLC<br>411 E. Huntington Dr., #305<br>Arcadia, California 91006 | Puente Hills Mall<br>(No. CAB) | 1600 Azusa Ave<br>City of Industry, California<br>91748 |
| Macerich Lakewood LP<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Lakewood Center<br>(No. CAR) | 500 Lakewood Center Dr. #C-103<br>Lakewood, California 90712 |
| Imperial Valley Mall II LP<br>c/o CBL & Associates<br>2030 Hamilton Place Blvd, Suite 500<br>Chattanooga, Tennessee 37421 | Imperial Valley<br>Mall<br>(No. CAT) | 3451 S. Dogwood Rd #1140<br>El Centro, California 92243 |
| Santa Anita Fashion Park LLC<br>11601 Wilshire Blvd. 11th fl.<br>Los Angeles, California 90025 | Westfield Santa<br>Anita<br>(No. CAV) | 400 South Baldwin Rd. #1100<br>Arcadia, California 91007 |
| Parkway Plaza LP<br>c/o Starwood Capital Group<br>591 West Putnam Avenue<br>Greenwich, CT 06830 | Parkway Plaza<br>(No. CAW) | 467 Parkway Plaza #N16<br>El Cajon, California 92020 |
| Antelope Valley Mall LLC<br>c/o Forest City Commercial Mgmt<br>50 Public Square #700<br>Cleveland, Ohio 44113 | Antelope Valley<br>Mall<br>(No. CBB) | 1233 Rancho Vista Rd. #409<br>Palmdale, California 93551 |
| Colorado Mills Mall Limited<br>Partnership<br>225 W. Washington St<br>Indianapolis, Indiana 46204 | Colorado Mills<br>(No. COA) | 14500 W. Colfax Avenue<br>Lakewood, Colorado 90401 |
| Seminole Towne Center Limited<br>Partnership<br>c/o Washing Prime Group Inc.<br>180 East Broad Street<br>Columbus, Ohio 43215 | Seminole Town<br>Center<br>(No. FLE) | 257 Towne Center Circle<br>Sanford, Florida 32771 |

| TM Wellington Green Mall LP<br>591 West Putnam Avenue<br>Greenwich, CT 06830 | Mall at Wellington Green<br>(No. FLK) | 10300 W. Forest Hill Blvd.<br>Wellington, Florida 33414 |
|---|---|---|
| Citrus Park Mall Owner LLC<br>11601 Wilshire Blvd., 11th Fl.<br>Los Angeles, California 90025 | Westfield Citrus Park<br>(No. FLO) | 8021 Citrus Park Town Center Blvd<br>Citrus Park, Florida 22514 |
| Arbor Place II LLC<br>c/o CBL & Associates<br>2030 Hamilton Place Blvd, Suite 500<br>Chattanooga, Tennessee 37421 | Arbor Place Mall<br>(No. GAH) | 1080 Douglas Blvd.<br>Douglasville, Georgia 30135 |
| Outlet Mall of Savannah LLC<br>3200 Northline Ave. #360<br>Greensboro, North Carolina 27408 | Tanger Outlets Savannah<br>(No. GAI) | 200 Tanger Outlet Blvd.<br>Pooler, Georgia 31322 |
| Tanger National Harbor LLC<br>3200 Northline Ave. #360<br>Greensboro, North Carolina 27408 | Tanger Outlet National Harbor<br>(No. MDD) | 6800 Oxon Hill Road<br>National Harbor, Maryland 20745 |
| Pyramid Wanden Company LP<br>c/o Pyramid Mgmt Group<br>4 Clinton Square<br>Syracuse, New York 13202 | Walden Galleria<br>(No. NYC) | One Walden Galleria<br>Buffalo, New York 14225 |
| Carousel Center Company LP<br>c/o Pyramid Mgmt Group<br>4 Clinton Square<br>Syracuse, New York 13202 | Destiny USA<br>(No. NYD) | 9090 Carousel Center Dr.<br>Syracuse, New York 13290 |
| Clackamas Mall LLC<br>110 N. Wacker Dr.<br>Chicago, Illinois 60606 | Clackamas Mall<br>(No. ORB) | 12000 SE 82nd Ave.<br>Portland, Oregon 97086 |
| Parks at Arlington LLC<br>110 N. Wacker Dr.<br>Chicago, Illinois 60606 | Parks at Arlington<br>(No. TXK) | 3811 So. Cooper St.<br>Arlington, Texas 76015 |
| Spotsylvania Mall Company<br>5577 Youngstown-Warren Road<br>Niles, Ohio 44446 | Spotsylvania Towne Center<br>(No. VAE) | 3102 Plank Road<br>Fredericksburg, Virginia 22407 |

and;

(C)     authorizing the Debtor to abandon any of its remaining personal property

4

assets located at each of the Rejected Operating Retail Stores as of June 30, 2017 and the Vacated Retail Stores, if applicable, as of the Petition Date.[2]

The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 15, 2017 (the "Petition Date"). The Debtor is continuing to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtor is a retailer doing business as Papaya Clothing offering stylish clothing at reasonable prices to its fashion-savvy customers in the 16 to 25 year old age range. The Debtor currently owns and operates over 80 retail stores located shopping centers and malls throughout the United States. The Debtor is headquartered in Commerce, California, and currently employs a workforce of approximately 1,300 employees.

For the reasons set forth in detail in the Memorandum of Points and Authorities annexed hereto, the Debtor has determined, in the exercise of its sound business judgment, that granting the Debtor authority to immediately reject the Leases relating to the thirty (30) Retail Stores identified above is in the best interests of the estate. The Debtor is no longer operating out of the Vacated Retail Stores. While the Debtor is currently still operating out of the Rejected Operating Retail Stores, the retail operations at each of these stores have been, and continue to be, unprofitable and are likely to only deplete the Debtor's resources if the Debtor does not immediately reject the Leases. Given the ongoing post-petition rent obligations for the Retail Stores, and the fact that the Debtor will not likely be in a position to operate profitably at such Retail Stores, there will be significant financial losses to the Debtor and its bankruptcy estate, and the accrual of significant administrative rent claims in favor of the respective landlords without a corresponding benefit to the Debtor's estate, if the Leases are not immediately rejected. Moreover, the Debtor believes that the Leases are at or above market pricing and that given the

---

[2] The Rejected Operating Retail Stores and the Vacated Retail Stores are collectively referred to as the "Retail Stores."

5

state of the retail industry in general, there would be no ability to assume and assign the Leases to third parties.

Accordingly, by this Motion, the Debtor is seeking authority to reject the Leases for the Rejected Operating Retail Stores effective as of June 30, 2017, and the Vacated Retail Stores as of the Petition Date. The Debtor has paid the rent for the Rejected Operating Retail Stores through June 30, 2017.

In addition, by this Motion, the Debtor is seeking Court authority to abandon any of the Debtor's remaining personal property assets located at each of the Retail Stores as of the applicable rejection date.

## ADDITIONAL INFORMATION

This Motion is based upon 11 U.S.C. §§ 105(a), 365(a), and 554, Bankruptcy Rule 6006, and Local Bankruptcy Rules 2081-1(a)(12) and 9075-1, this Motion, the supporting Memorandum of Points and Authorities, the Omnibus Declaration of Tae Yi filed concurrently herewith, the arguments and statements of counsel made at the hearing on the Motion, and other admissible evidence properly brought before the Court.

In order to provide maximum notice of this Motion, concurrently with the filing of this Motion with the Court, the Debtor has served the Motion upon the Office of the United States Trustee, the 20 largest unsecured creditors of the Debtor, the landlords for the Rejected Operating Retail Stores and the Vacated Retail Stores, and parties requesting special notice via overnight mail. Hard copies of this Motion are available upon request to the Debtor's proposed counsel whose contact information is located on the upper-left hand corner of this Motion. Upon obtaining a hearing date/time from the Court, the Debtor will serve notice of the hearing on this Motion via overnight mail.

**WHEREFORE**, the Debtor respectfully requests that this Court hold an emergency hearing on the Motion and enter an Order:

(1)     affirming the adequacy of the notice given;

(2)     granting the Motion in its entirety;

1    (3)    authorizing the Debtor to reject the Leases for the Rejected Operating Retail Stores

2  with such rejection to be deemed effective as June 30, 2017, and to reject the Leases for the

3  Vacated Retail Stores with such rejection to be deemed effective as of the Petition Date;

4    (4)    authorizing the Debtor to abandon any of its remaining personal property assets

5  located at each of the Retail Stores as of the applicable rejection date; and

6    (5)    granting such other and further relief as the Court deems just and proper under the

7  circumstances.

8  Dated:  June 15, 2017                    CORNERSTONE APPAREL, INC.

9

10                                        By:___/s/ Eve H. Karasik_____
                                            TIMOTHY J. YOO
11                                          EVE H. KARASIK
                                            JULIET Y. OH
12                                          LEVENE, NEALE, BENDER, YOO
                                              & BRILL L.L.P.
13                                          Proposed Attorneys for Chapter 11 Debtor
14                                          and Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.      Background.**

1.      On June 15, 2017 (the "Petition Date"), Cornerstone Apparel, Inc., a California corporation and the debtor and debtor- in-possession herein ("Cornerstone" or the "Debtor"), filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").  The Debtor is continuing to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      Cornerstone Apparel, Inc. operates a chain of apparel stores under the name Papaya Clothing ("Papaya") that cater to teens, juniors and the "young at heart," and focuses on the 16 to 25 year old age group. Cornerstone has over 80 stores located in malls and shopping centers throughout the United States. The Papaya concept is to provide shoppers with "great price, great service," and an "innovative, upscale and welcoming atmosphere."

3.      Cornerstone is based in Commerce, California with a 75,000 square feet headquarters complex, which includes its warehouse and distribution facilities.  The merchandise sold in the Papaya stores is manufactured in the United States, and is housed in Cornerstone's California warehouse where Cornerstone's employees pack and ship the merchandise to the retail locations. Given the ever-changing fashion world, Cornerstone has established a production line that can take a new design from start to finish within a two-week period in order to give the customer an impressive selection of the latest fashions.

4.      Cornerstone's ownership and management have over twenty-five years' experience in operating retail clothing business focusing primarily in the junior and petite apparel markets. This ownership and management team is responsible for the prior successes of retailers Everblue Casuals and Career Image. Papaya consistently leads in its retail category in sales per square foot of retail space.

5.      The Debtor employs a workforce of approximately of 1,300 employees. In 2016, the Debtor generated annual gross revenues of more than $134 million. The Debtor has no secured debt.

6.      After opening its first retail store approximately 18 years ago in 1999, the Debtor substantially expanded its business operations to encompass a total of over 80 of retail stores throughout the United States by 2017. Approximately, 50 of these new retail stores were opened within the last six (6) years.  The expansion effort took a heavy financial toll on the business operations of the Debtor as a whole as it incurred construction and other "start up" costs with the opening of each new store as well as a significant increase in operating expenses typically associated with a retail store chain operation.

7.      The high cost of expansion combined with decreasing store sales as a result of a general industry-wide shift in consumer shopping preferences from in-store to online shopping, and the resulting increased competition, has left Cornerstone with insufficient liquidity to meet all of its financial obligations. While the Debtor has already closed a number of its less profitable retail store locations, leaving open approximately 80 retail stores as of the Petition Date, the Debtor requires time to evaluate the viability of the remaining retail stores and identify other ways to decrease operational costs and increase profitability.  In order to preserve the Debtor's rights under its lease agreements and to have an opportunity to restructure its business and financial affairs and ultimately reorganize, the Debtor filed this Chapter 11 bankruptcy case.

**B.      The Retail Store Leases Proposed To Be Rejected.**

8.      By this Motion, the Debtor is seeking authority to reject up to eight (8) of the Debtor's unexpired non-residential real property leases relating to the Debtor's retail stores, which the Debtor is operating as of the Petition Date, that are identified in the table immediately below (collectively, the "Rejected Operating Retail Stores,"), with the rejection of such leases for the Rejected Operating Retail Stores to be deemed effective as of June 30, 2017:

9

| Landlord | Store Name & No. | Store Address |
|---|---|---|
| Tucson Premium Outlets LLC<br>225 W. Washington St<br>Indianapolis, Indiana 46204 | Tucson Premium Outlet<br>(No. AZF) | 6401 West Marana Center Blvd<br>Tucson, Arizona 85742 |
| EMI Santa Rosa Limited Partnership<br>225 W. Washington St<br>Indianapolis, Indiana 46204 | Santa Rosa Plaza<br>(No. CNE) | 1003A  Santa Rosa Plaza<br>Santa Rosa, California 95401 |
| Roseville Shoppingtown LLC<br>11601 Wilshire Blvd., 11th Fl.<br>Los Angeles, California 90025 | Westfield Galleria at Roseville<br>(No. CNG) | 1151 Galleria Blvd<br>Roseville, California 95678 |
| Paragon Outlet White Marsh LLC<br>217 East Redwood St., 21st Fl.<br>Baltimore, Maryland 21202 | Paragon Outlet Baltimore<br>(No. MDE) | No physical address as mall not yet built. |
| Opry Mills Mall Limited Partnership<br>225 W. Washington St<br>Indianapolis, Indiana 46204 | Opry Mills<br>(No. TNA) | 127 Opry Mills Dr.<br>Nashville, Tennessee 37214 |
| Galleria at Wolfchase LLC<br>225 W. Washington St.<br>Indianapolis, Indiana 46204 | Wolfchase Galleria<br>(No. TNB) | 2760 N. Germantown Plwy<br>Memphis, Tennessee 38133 |
| New Rivercenter Mall II, LP<br>849 E. Commerce, Suite 895<br>San Antonio, Texas 78205 | River Center<br>(No. TXF) | 849 E. Commerce St.<br>San Antonio, Texas 78205 |
| Paragon Outlets Rosenberg Limited Partnership<br>217 East Redwood St., 21st Fl.<br>Baltimore, Maryland 21202 | Paragon Outlet Houston<br>(No. TZD) | No physical address as mall not yet built. |

9.      In addition, by this Motion, the Debtor is seeking authority to reject twenty two (22) of the Debtor's unexpired non-residential real property leases relating to the Debtor's retail stores which the Debtor vacated and is no longer operating as of the Petition Date that are identified in the table immediately below (collectively, the "Vacated Retail Stores," and

individually, a "Vacated Retail Store"), with the rejection of such leases for the Vacated Retail

Stores to be deemed effective as of the Petition Date:[3]

| Landlord | Store Name & No. | Store Address |
|---|---|---|
| East Mesa Mall LLC<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Superstition Springs<br>(No. AZA) | 6555 E. Southern Ave<br>Mesa, Arizona 85206 |
| Westday Associates Limited Partnership<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Paradise Valley Mall<br>(No. AZC) | 4568 E. Cactus Rd. #B022<br>Phoenix, Arizona 85032 |
| Desert Sky Mall LLC and JCP Realty TIC LLC<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Desert Sky Mall<br>(No. AZD) | 7611 W. Thomas Rd. #G5<br>Phoenix, Arizona 85033 |
| Temecula Towne Center Associates LLC<br>50 Public Square, Suite 1360<br>Cleveland, Ohio 44113 | Promenade Mall<br>(No. CAA) | 40820 Winchester Rd.<br>Temecula, California 92591 |
| Newage PHM LLC<br>411 E. Huntington Dr., #305<br>Arcadia, California 91006 | Puente Hills Mall<br>(No. CAB) | 1600 Azusa Ave<br>City of Industry, California 91748 |
| Macerich Lakewood LP<br>c/o Macerich Company<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90401 | Lakewood Center<br>(No. CAR) | 500 Lakewood Center Dr. #C-103<br>Lakewood, California 90712 |

---

[3] The leases for the Vacated Retail Stores and the Rejected Operating Retail Stores are collectively referred to as the "Leases," and individually, a "Lease". The Rejected Operating Retail Stores and the Vacated Retail Stores are collectively referred to as the "Retail Stores," and individually, a "Retail Store".

11

| | | |
|---|---|---|
| Imperial Valley Mall II LP<br>c/o CBL & Associates<br>2030 Hamilton Place Blvd, Suite 500<br>Chattanooga, Tennessee 37421 | Imperial Valley Mall<br>(No. CAT) | 3451 S. Dogwood Rd #1140<br>El Centro, California 92243 |
| Santa Anita Fashion Park LLC<br>11601 Wilshire Blvd. 11th fl.<br>Los Angeles, California 90025 | Westfield Santa Anita<br>(No. CAV) | 400 South Baldwin Rd. #1100<br>Arcadia, California 91007 |
| Parkway Plaza LP<br>c/o Starwood Capital Group<br>591 West Putnam Avenue<br>Greenwich, CT 06830 | Parkway Plaza<br>(No. CAW) | 467 Parkway Plaza #N16<br>El Cajon, California 92020 |
| Antelope Valley Mall LLC<br>c/o Forest City Commercial Mgmt<br>50 Public Square #700<br>Cleveland, Ohio 44113 | Antelope Valley Mall<br>(No. CBB) | 1233 Rancho Vista Rd. #409<br>Palmdale, California 93551 |
| Colorado Mills Mall Limited Partnership<br>225 W. Washington St<br>Indianapolis, Indiana 46204 | Colorado Mills<br>(No. COA) | 14500 W. Colfax Avenue<br>Lakewood, Colorado 90401 |
| Seminole Towne Center Limited Partnership<br>c/o Washing Prime Group Inc.<br>180 East Broad Street<br>Columbus, Ohio 43215 | Seminole Town Center<br>(No. FLE) | 257 Towne Center Circle<br>Sanford, Florida 32771 |
| TM Wellington Green Mall LP<br>591 West Putnam Avenue<br>Greenwich, CT 06830 | Mall at Wellington Green<br>(No. FLK) | 10300 W. Forest Hill Blvd.<br>Wellington, Florida 33414 |
| Citrus Park Mall Owner LLC<br>11601 Wilshire Blvd., 11th Fl.<br>Los Angeles, California 90025 | Westfield Citrus Park<br>(No. FLO) | 8021 Citrus Park Town Center Blvd<br>Citrus Park, Florida 22514 |
| Arbor Place II LLC<br>c/o CBL & Associates<br>2030 Hamilton Place Blvd, Suite 500<br>Chattanooga, Tennessee 37421 | Arbor Place Mall<br>(No. GAH) | 1080 Douglas Blvd.<br>Douglasville, Georgia 30135 |

| Outlet Mall of Savannah LLC<br>3200 Northline Ave. #360<br>Greensboro, North Carolina 27408 | Tanger Outlets<br>Savannah<br>(No. GAI) | 200 Tanger Outlet Blvd.<br>Pooler, Georgia 31322 |
|---|---|---|
| Tanger National Harbor LLC<br>3200 Northline Ave. #360<br>Greensboro, North Carolina 27408 | Tanger Outlet<br>National Harbor<br>(No. MDD) | 6800 Oxon Hill Road<br>National Harbor, Maryland<br>20745 |
| Pyramid Wanden Company LP<br>c/o Pyramid Mgmt Group<br>4 Clinton Square<br>Syracuse, New York 13202 | Walden Galleria<br>(No. NYC) | One Walden Galleria<br>Buffalo, New York 14225 |
| Carousel Center Company LP<br>c/o Pyramid Mgmt Group<br>4 Clinton Square<br>Syracuse, New York 13202 | Destiny USA<br>(No. NYD) | 9090 Carousel Center Dr.<br>Syracuse, New York 13290 |
| Clackamas Mall LLC<br>110 N. Wacker Dr.<br>Chicago, Illinois 60606 | Clackamas Mall<br>(No. ORB) | 12000 SE 82nd Ave.<br>Portland, Oregon 97086 |
| Parks at Arlington LLC<br>110 N. Wacker Dr.<br>Chicago, Illinois 60606 | Parks at Arlington<br>(No. TXK) | 3811 So. Cooper St.<br>Arlington, Texas 76015 |
| Spotsylvania Mall Company<br>5577 Youngstown-Warren Road<br>Niles, Ohio 44446 | Spotsylvania<br>Towne Center<br>(No. VAE) | 3102 Plank Road<br>Fredericksburg, Virginia 22407 |

10.    The Debtor is no longer operating out of the Vacated Retail Stores as it vacated those stores prior to the Petition Date. While the Debtor is currently still operating out of Rejected Operating Retail Stores, the retail operations for these stores have been, and continue to be, unprofitable.  After taking into account the corporate overhead expenses attributable to each of the Debtor's retail stores, the Debtor has concluded that these stores simply are not profitable enough to sustain and will only serve to deplete the Debtor's resources if the Debtor does not immediately reject the Lease associated therewith.

11.    The Debtor believes that the rent and other obligations payable under the Leases are generally at or above the current market.  Accordingly, the Debtor does not believe that the

13

1  marketing and assignment of the Leases to third parties would result in any net recovery for its

2  bankruptcy estate.

3          12.      Although the Debtor has attempted to negotiate rent concessions with many, if not

4  all, of the landlords of the Retail Stores, the Debtor's efforts to negotiate agreements with such

5  landlords to reduce rent to a level which would render the Retail Stores profitable have not been

6  successful.

7          13.      Based on the foregoing, and given the ongoing post-petition rent obligations for

8  the Retail Stores, and the fact that the Debtor will not likely be in a position to operate profitably

9  at such Retail Stores, there will be significant financial losses to the Debtor and its bankruptcy

10  estate, and the accrual of significant administrative rent claims in favor of the respective landlords

11  without a corresponding benefit to the Debtor's estate, if the Leases are not immediately rejected.

12          14.      Accordingly, by this Motion, the Debtor is seeking to reject all of the Leases for

13  the Retail Stores, effective as of June 30, 2017 for the Rejected Operating Retail Stores and as of

14  the Petition Date for the Vacated Retail Stores.  The Debtor has paid rent for the Rejected

15  Operating Retail Stores through June 30, 2017.  In addition, by this Motion, the Debtor is seeking

16  Court authority to abandon any of the Debtor's remaining personal property assets located at each

17  of the Retail Stores as of the applicable rejection date.

18                                             **II.**

19                                    **DISCUSSION**

20  **A.**      **The Debtor Should Be Authorized To Reject The Leases For The Retail Stores.**

21          Barring certain exceptions not herein relevant, Section 365(a) of the Bankruptcy Code

22  authorizes a debtor in possession, "subject to the Court's approval, . . . [to] assume or reject any

23  executory contract or unexpired lease of the debtor."  A debtor in possession may assume or reject

24  executory contracts for the benefit of the estate.  *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 25

25  (2d. Cir. 1996); *In re Central Fla. Metal Fabrication, Inc.*, 190 B.R. 119, 124 (Bankr. N.D.Fla.

26  1995); *In re Gucci*, 193 B.R. 411, 415 (S.D.N.Y. 1996).  In reviewing a debtor in possession's

27  decision to assume or reject an executory contract, a bankruptcy court should apply the "business

28  judgment test" to determine whether it would be beneficial to the estate to assume it.  *In re*

1  *Continental Country Club, Inc.*, 114 B.R. 763, 767 (Bankr. M.D.Fla. 1990); *see also In re Gucci,*

2  *supra*, 193 B.R. at 415; *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The

3  usual test for rejection of an executory contract is simply whether rejection would benefit the

4  estate, the 'business judgment' test.").  The business judgment standard requires that the court

5  follow the business judgment of the debtor unless that judgment is the product of bad faith, whim,

6  or caprice.  *In re Prime Motors Inns*, 124 B.R. 378, 381 (Bankr. S.D.Fla. 1991), *citing Lubrizol*

7  *Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475

8  U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986); *see also In re Trans World Airlines, Inc.*, 261

9  B.R. 103, 121 (Bankr. D. Del. 2001).

10      The Debtor vacated the twenty two (22) Vacated Retail Stores prior to the Petition Date

11  and, accordingly, no longer receives any benefit as there are no operating stores at these sites.

12  With respect to the Rejected Operating Retail Stores, the Debtor has determined that these eight

13  (8) stores are not profitable enough to sustain and will only serve to deplete the Debtor's resources

14  if the Debtor does not immediately reject the Leases associated therewith.  Each day that the

15  Leases relating to Rejected Operating Retail Stores remain in place results in significant financial

16  losses (and increased administrative expense) to the Debtor's bankruptcy estate, which must be

17  avoided to preserve the value of the Debtor's assets, conserve the Debtor's resources and cash, and

18  maximize the Debtor's ability to successfully reorganize in this case.  Accordingly, the Debtor

19  submits that it is reasonable and appropriate to grant the Debtor authority to immediately reject the

20  Leases for the Retail Stores.

21      By this Motion, the Debtor is seeking to have the effective date of the rejection of the

22  Leases be deemed to be June 30, 2017 for the Rejected Operating Retail Stores as the Debtor has

23  paid rent through that date, and to be deemed the Petition Date for the Vacated Retail Stores.

24      The Ninth Circuit has held that a bankruptcy court, in exercising its equitable powers under

25  11 U.S.C. § 105(a), may approve the rejection of a nonresidential lease retroactive to the motion

26  filing date when necessary or appropriate to carry out the provisions of 11 U.S.C. § 365.  *Pacific*

27  *Shores Development, LLC v. At Home Corporation (In re At Home Corporation)*, 392 F.3d 1064,

28  1071 (9th Cir. 2004) (rejection of unexpired nonresidential lease retroactive to motion filing date

15

1  was not "abuse of discretion" under the circumstances presented in the case, and the landlord's

2  possession of the leased premises is not a requirement for such retroactive relief).  Here, the

3  Debtor is seeking to have the effective date of the rejection of the Leases for the Vacated Retail

4  Stores to be deemed to be the Petition Date, and of the Leases for the Rejected Operating Retail

5  Stores to be deemed to be June 30, 2017.  Based on the Ninth Circuit's holding in *In re At Home*

6  *Corporation,* the Debtor submits that the effective date of the rejection of the Leases proposed

7  herein is reasonable, appropriate and warranted under the circumstances of this case, particularly

8  where, as here, the landlords of the Retail Stores will have notice of the proposed rejection of the

9  Leases (by way of this Motion) and will have regained possession of their respective premises on

10  or prior to the effective lease rejection date.

11        Additionally, the Debtor has determined, in its reasonable business judgment, that there is

12  no net benefit that can be realized from an attempt to market and assign the Leases for the Retail

13  Stores.  As a result, the Debtor has determined that the cost to the Debtor of continuing to occupy

14  the Retail Stores, and of performing its obligations under the Leases for the Retail Stores and

15  incurring unnecessary administrative expenses, is burdensome, and that the immediate rejection of

16  the Leases for the Retail Stores is therefore in the best interests of the Debtor's estate and

17  creditors.

18        For all of the reasons set forth above, the Debtor submits that it is in the best interests of

19  the Debtor and its bankruptcy estate to grant the relief requested in this Motion and to authorize

20  the Debtor to reject the Leases for the Retail Stores in accordance with the terms and conditions

21  set forth herein.

22  **B.**      **The Debtor Should Be Authorized To Abandon The Personal Property Remaining**

23        **At The Retail Stores As Of The Applicable Rejection Dates.**

24        The Debtor believes that it will remove all owned personal property assets (the

25  "Remaining Personal Property") located at the Retail Stores as of the applicable rejection date(s).

26  However, out of an abundance of caution and solely to the extent that the Debtor retained (or

27  retains) any ownership interest in any Remaining Personal Property, the Debtor seeks authority to

28

1  abandon any Remaining Personal Property that remain at the Retail Stores as of the rejection

2  date(s).

3          The Debtor seeks to abandon any Remaining Personal Property described above as is,

4  where is, and in accordance with section 554(a) of the Bankruptcy Code.  Section 554(a) provides

5  that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is

6  burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C.

7  § 554(a).  The Debtor believes that the costs associated with liquidating any Remaining Personal

8  Property at the Retail Stores will likely exceed the value of such assets.  Accordingly, the Debtor

9  believes that the Remaining Personal Property at the Retail Stores, if any, has inconsequential

10  value to the Debtor's estate and should be abandoned as requested herein.

11                                           **III.**

12                                    **<u>CONCLUSION</u>**

13          **WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

14          (1)      affirming the adequacy of the notice given;

15          (2)      granting the Motion in its entirety;

16          (3)      authorizing the Debtor to reject the Leases for the Retail Stores with such rejection

17  to be deemed effective as of June 30, 2017 for the Rejected Operating Retail Stores, and as of the

18  Petition Date for the Vacated Retail Stores;

19          (4)      authorizing the Debtor to abandon any of its remaining personal property assets

20  located at each of the Retail Stores as of the applicable Vacate Date; and

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

17

1         (5)      granting such other and further relief as the Court deems just and proper under the

2   circumstances.

3   Dated:  June 15, 20167                 CORNERSTONE APPAREL, INC.

4

5                                          By:   /s/ Eve H. Karasik
                                                 TIMOTHY J. YOO
6                                                JULIET Y. OH
                                                 EVE H. KARASIK
7                                                LEVENE, NEALE, BENDER, YOO
                                                     & BRILL L.L.P.
8                                                Proposed Attorneys for Chapter 11 Debtor
                                                 and Debtor in Possession
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28