TIMOTHY J. YOO (SBN 155531)
EVE H. KARASIK (SBN 155356)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: tjy@lnbyb.com, ehk@lnbyb.com, jyo@lnbyb.com

Attorneys for Chapter 11 Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>CORNERSTONE APPAREL, INC.<br>d/b/a Papaya Clothing,<br><br>　　　　　　　　Debtor. | Case No. 2:17-bk-17292-VZ<br><br>Chapter 11<br><br>**DEBTOR-IN-POSSESSION'S SECOND REPORT ON STATUS OF REORGANIZATION CASE; DECLARATION OF TAE Y. YI IN SUPPORT THEREOF**<br><br>Status Conference:<br>Date:　　　　September 14, 2017<br>Time:　　　　9:30 a.m.<br>Courtroom:　　1368<br>Location:　　　255 E. Temple Street<br>　　　　　　　Los Angeles, California |

**TO THE HONORABLE VINCENT P. ZURZOLO; ALL KNOWN SECURED CREDITORS (IF ANY); THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND ITS PROPOSED COUNSEL OF RECORD; THE TWENTY LARGEST CREDITORS HOLDING UNSECURED CLAIMS; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

Cornerstone Apparel, Inc., a California corporation d/b/a Papaya Clothing and the debtor and debtor-in-possession herein (the "Debtor"), hereby submits this second report on the status of the Debtor's reorganization case (the "Status Report"), pursuant to the Court's *Order: (1) Setting Conference On Status Of Reorganization Case; (2) Requiring Debtors-In-Possession To Appear At Status Conference And File Report On Status Of Reorganization Case, Or Face Possible (A) Conversion Of Case To Chapter 7; (B) Dismissal Of Case; or (C) Appointment Of Trustee; (3) Requiring Compliance With Standards Re Employment And Fee Applications; (4) Giving Notice Of Probable Use Of Court-Appointed Expert Witness For Contested Valuation Requests; (5) Mandating Use Of Forms By Individual Debtors; And (6) Establishing Procedure For (A) Motion For Order Approving Adequacy Of Disclosure Statement; And (B) Motion For Order Confirming Plan* entered on June 19, 2017, and in advance of the continued Chapter 11 status conference scheduled in the Debtor's case on September 14, 2017 at 9:30 a.m.

**A.     Background.**

The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 15, 2017 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The Debtor operates a chain of apparel stores under the name "Papaya Clothing" that caters to teens, juniors and the "young at heart," and focuses on the 16 to 25 year old age group. Given the ever-changing fashion world, the Debtor has established a production line that can take a new design from start to finish within a two-week period in order to give its customers an impressive selection of the latest fashions.

The Debtor is based in Commerce, California with a 75,000 square feet headquarters complex, which includes its warehouse and distribution facilities. As of the Petition Date, the Debtor employed a workforce of approximately of 1,300 employees.

**B.    <u>Post-Petition Operations And Case Administration.</u>**

As of the Petition Date, the Debtor owned and operated over 80 retail stores located in shopping malls and shopping centers throughout the United States (collectively, the "<u>Retail Stores</u>," and individually, a "<u>Retail Store</u>"). The Debtor has been operating its business and the Retail Stores in the ordinary course since the Petition Date.

The Debtor is currently focused on evaluating the viability of the Retail Stores. As part of its "first-day" emergency motions, on the Petition Date, the Debtor filed a motion seeking Court authority to reject the unexpired real property leases for eight (8) of the Debtor's Retail Stores and twenty two (22) vacated store sites, effective as of June 30, 2017 (or earlier, if the Debtor had already vacated the premises), and seeking other related relief. The foregoing motion was granted by the Court pursuant to an order entered on June 21, 2017. On August 4, 2017, the Debtor filed a second motion seeking Court authority to reject the unexpired real property leases for two (2) of the Debtor's Retail Stores, effective as of August 31, 2017. The foregoing motion was granted by the Court pursuant to an order entered on August 30, 2017. As a result of the foregoing motions, there are currently a total of seventy-eight (78) remaining Retail Stores being operated by the Debtor.

While the Debtor has performed detailed analyses of the 78 Retail Stores to determine which of the Retail Stores are profitable (or potentially profitable if rent concessions can be successfully negotiated) and which of the Retail Stores are not profitable and therefore must be closed, and has also engaged in negotiations with many of the landlords to try to obtain rent concessions which would reduce rent to a level that would render currently underperforming Retail Stores profitable, the Debtor requires additional time to complete its analysis and negotiations. The Debtor believes that it may not be in a position to make its final decisions regarding the assumption or rejection of the unexpired non-residential real property leases for the

78 remaining Retail Stores (collectively, the "Remaining Leases") by October 13, 2017, the current deadline under 11 U.S.C. § 365(d)(4) by which the Debtor is otherwise required to assume or reject its unexpired non-residential real property leases.

Accordingly, on August 29, 2017, the Debtor filed a motion seeking the entry of an order extending the deadline under 11 U.S.C. § 365(d)(4) by which the Debtor must assume or reject the 78 Remaining Leases, for a period of ninety (90) days, from October 13, 2017 through and including January 11, 2018 (the "Lease Extension Motion").  The hearing on the Debtor's Lease Extension Motion is set for September 19, 2017 at 11:00 a.m.

**C.    Status Of The Debtor's Reorganization Efforts And Estimate As To Timeframe For The Filing Of Motion For Order Approving Adequacy Of Disclosure Statement And Motion For Order Confirming Chapter 11 Plan.**

Given the retail nature of the Debtor's business, the future of many, if not all, of the Debtor's remaining Retail Stores and the Debtor's ultimate reorganization strategy in this case hinge upon the Debtor's evaluation of the remaining Retail Stores and negotiations with its landlords.  While the Debtor has undertaken the process of evaluating the financial performance of its remaining Retail Stores and negotiating with its landlords for rent concessions and other lease modifications, the Debtor believes that it may not be able to complete such evaluation and negotiations, and then formulate and file a plan of reorganization, within its current exclusive period for filing a plan of reorganization (which will expire on October 13, 2017, unless extended).  Furthermore, to formulate a plan of reorganization that is feasible, the Debtor requires additional time to allow the claims bar date (which the Court has established as September 30, 2017 in the Debtor's case) to pass and to carefully analyze the amount, validity, and extent of the claims asserted against the Debtor which must be addressed in such plan.

Accordingly, on August 29, 2017, the Debtor filed a motion seeking the entry of an order extending the Debtor's exclusive periods to file a plan of reorganization and obtain acceptances thereof for approximately ninety (90) days, to and including January 18, 2018 and March 19,

2018, respectively (the "Plan Exclusivity Motion"). The hearing on the Debtor's Plan Exclusivity Motion is set for September 19, 2017 at 11:00 a.m.

Notwithstanding the filing of the Plan Exclusivity Motion, the Debtor remains committed to exiting from bankruptcy as quickly and cost-effectively as possible. The Debtor estimates that it will be in a position to file its proposed plan of reorganization and disclosure statement by October 31, 2017, and therefore submits the following estimated timeframe for obtaining approval of a disclosure statement and confirmation of a plan of reorganization in this case:

| | |
|---|---|
| October 31, 2017 | Filing of motion for order approving adequacy of disclosure statement |
| November 30, 2017 | Deadline to file objections to adequacy of disclosure statement |
| December 7, 2017 | Deadline to file reply to any objections to adequacy of disclosure statement |
| December 14, 2017 at 11:00 a.m. | Hearing on motion for order approving adequacy of disclosure statement |
| December 21, 2017 | Service of plan and disclosure statement (if approved by the Court at the hearing on December 14, 2017), notice of plan confirmation hearing, and other solicitation materials |
| January 4, 2018 | Filing of motion for order confirming plan |
| January 18, 2018 | Deadline to (i) submit plan ballots, and (ii) file objections to confirmation of plan |
| January 25, 2018 | Deadline to file (i) reply to any objections to confirmation of plan, and (ii) ballot analysis |
| February 1, 2018 at 11:00 a.m. | Hearing on motion for order confirming plan |

///

///

///

4

**D.** **Proposed Deadline For Hearings On Any Objections To Claims.**

Pursuant to an order entered by the Court on August 14, 2017, the bar date by which parties who wish to assert pre-petition claims against the Debtor must file and serve proofs of claim or be forever barred from asserting such pre-petition claims against the Debtor has been established as September 30, 2017 (subject to certain exceptions for landlord claims).

The Debtor anticipates that its plan of reorganization will provide for a deadline by which any objections to claims must be filed and, therefore, requests that the Court not establish a deadline for filing objections to claims at this time.  However, if the Court requires that such a deadline be set now, the Debtor respectfully requests that the deadline be set on or after March 30, 2018.

Dated:  September 6, 2017                                      CORNERSTONE APPAREL, INC.

By: _____
TIMOTHY J. YOO
EVE H. KARASIK
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Attorneys for Debtor and
Debtor in Possession

## DECLARATION OF TAE Y. YI

I, Tae Y. Yi, hereby declare as follows:

1. I am over 18 years of age. I am the President, Chief Financial Officer, Secretary, and one of the three shareholders of Cornerstone Apparel, Inc., d/b/a Papaya Clothing, the debtor and debtor in possession herein (the "Debtor"), and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. I have access to the Debtor's books and records. As President, Chief Financial Officer and Secretary of the Debtor, I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtor's books and records.

3. I make this declaration in support of the Debtor's second report on the status of the Debtor's reorganization case (the "Status Report"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Status Report.

4. The Debtor filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on June 15, 2017 (the "Petition Date"). The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor-in-possession.

5. The Debtor operates a chain of apparel stores under the name "Papaya Clothing" that caters to teens, juniors and the "young at heart," and focuses on the 16 to 25 year old age group. Given the ever-changing fashion world, the Debtor has established a production line that can take a new design from start to finish within a two-week period in order to give its customers an impressive selection of the latest fashions.

6. The Debtor is based in Commerce, California with a 75,000 square feet headquarters complex, which includes its warehouse and distribution facilities. As of the Petition Date, the Debtor employed a workforce of approximately of 1,300 employees.

7. As of the Petition Date, the Debtor owned and operated over 80 retail stores located in shopping malls and shopping centers throughout the United States (collectively, the "<u>Retail Stores</u>," and individually, a "<u>Retail Store</u>"). The Debtor has been operating its business and the Retail Stores in the ordinary course since the Petition Date.

8. The Debtor is currently focused on evaluating the viability of the Retail Stores. As part of its "first-day" emergency motions, on the Petition Date, the Debtor filed a motion seeking Court authority to reject the unexpired real property leases for eight (8) of the Debtor's Retail Stores and twenty two (22) vacated store sites, effective as of June 30, 2017 (or earlier, if the Debtor had already vacated the premises), and seeking other related relief. I am advised and believe that the foregoing motion was granted by the Court pursuant to an order entered on June 21, 2017.

9. On August 4, 2017, the Debtor filed a second motion seeking Court authority to reject the unexpired real property leases for two (2) of the Debtor's Retail Stores, effective as of August 31, 2017. I am advised and believe that the foregoing motion was granted by the Court pursuant to an order entered on August 30, 2017.

10. There are currently a total of seventy-eight (78) remaining Retail Stores being operated by the Debtor.

11. While the Debtor has performed detailed analyses of the 78 Retail Stores to determine which of the Retail Stores are profitable (or potentially profitable if rent concessions can be successfully negotiated) and which of the Retail Stores are not profitable and therefore must be closed, and has also engaged in negotiations with many of the landlords to try to obtain rent concessions which would reduce rent to a level that would render currently underperforming Retail Stores profitable, the Debtor requires additional time to complete its analysis and negotiations.

12. It is possible that the Debtor may not be in a position to make its final decisions

regarding the assumption or rejection of the unexpired non-residential real property leases for the 78 remaining Retail Stores (collectively, the "Remaining Leases") by October 13, 2017, which I understand and believe is the current deadline under the Bankruptcy Code by which the Debtor is otherwise required to assume or reject its unexpired non-residential real property leases.

13. Accordingly, on August 29, 2017, the Debtor filed a motion seeking the entry of an order extending the deadline by which the Debtor must assume or reject the 78 Remaining Leases, for a period of ninety (90) days, from October 13, 2017 through and including January 11, 2018 (the "Lease Extension Motion"). I am advised and believe that the hearing on the Debtor's Lease Extension Motion is set for September 19, 2017 at 11:00 a.m.

14. Given the retail nature of the Debtor's business, I believe the future of many, if not all, of the Debtor's remaining Retail Stores and the Debtor's ultimate reorganization strategy in this case hinge upon the Debtor's evaluation of the remaining Retail Stores and negotiations with its landlords. While the Debtor has undertaken the process of evaluating the financial performance of its remaining Retail Stores and negotiating with its landlords for rent concessions and other lease modifications, it is possible that the Debtor may not be able to complete such evaluation and negotiations, and then formulate and file a plan of reorganization, within its current exclusive period for filing a plan of reorganization (which I understand and believe will expire on October 13, 2017, unless extended).

15. Furthermore, to formulate a plan of reorganization that is feasible, I believe the Debtor requires additional time to allow the claims bar date (which I understand and believe the Court has established as September 30, 2017 in the Debtor's case) to pass and to carefully analyze the amount, validity, and extent of the claims asserted against the Debtor which must be addressed in such plan of reorganization.

///
///
///
///

16. Accordingly, on August 29, 2017, the Debtor filed a motion seeking the entry of an order extending the Debtor's exclusive periods to file a plan of reorganization and obtain acceptances thereof for approximately ninety (90) days, to and including January 18, 2018 and March 19, 2018, respectively (the "<u>Plan Exclusivity Motion</u>"). I am advised and believe that the hearing on the Debtor's Plan Exclusivity Motion is set for September 19, 2017 at 11:00 a.m.

17. Notwithstanding the filing of the Plan Exclusivity Motion, the Debtor remains committed to exiting from bankruptcy as quickly and cost-effectively as possible. I estimate that the Debtor will be in a position to file its proposed plan of reorganization and disclosure statement by October 31, 2017. The Debtor has included in the Status Report an estimated timeframe for obtaining approval of a disclosure statement and confirmation of a plan of reorganization in this Chapter 11 bankruptcy case.

18. I am advised and believe that, pursuant to an order entered by the Court on August 14, 2017, the bar date by which parties who wish to assert pre-petition claims against the Debtor must file and serve proofs of claim or be forever barred from asserting such pre-petition claims against the Debtor has been established as September 30, 2017 (subject to certain exceptions for landlord claims).

19. I anticipate that the Debtor's plan of reorganization will provide for a deadline by which any objections to claims must be filed. Therefore, the Debtor requests that the Court not establish a deadline for filing objections to claims at this time or, if the Court requires that such a deadline be set now, the Debtor respectfully requests that the deadline be set on or after March 30, 2018.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of September, 2017, at Commerce, California.



Tae Yi, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEBTOR-IN-POSSESSION'S SECOND REPORT ON STATUS OF REORGANIZATION CASE; DECLARATION OF TAE Y. YI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 7, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ *Service information continued on attached page*

**2. SERVED BY UNITED STATES MAIL**: On **September 7, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 7, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Attorney Service***
Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1360 / Ctrm 1368
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 7, 2017 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Dustin P Branch on behalf of Creditors PGIM Real Estate, Starwood Retail Partners, LLC, The Macerich Company, and Westfield, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com

John H Choi on behalf of Interested Party Courtesy NEF
johnchoi@kpcylaw.com, christinewong@kpcylaw.com

Richard T Davis on behalf of Creditor Spotsylvania Mall Company
rdavis@cafarocompany.com, lspahlinger@cafarocompany.com

John P Dillman on behalf of Creditors Cypress-Fairbanks ISD, Galveston County, Harris County, and Tyler County
houston_bankruptcy@publicans.com

Oscar Estrada on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
oestrada@ttc.lacounty.gov

Scott Ewing on behalf of Interested Party Courtesy NEF
contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-5715976304852992@inbound.docketalarm.com

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com, joguinn@fbtlaw.com

Courtney J Hull on behalf of Creditor Texas Comptroller of Public Accounts
bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov

Clifford P Jung on behalf of Interested Party Courtesy NEF
clifford@jyllp.com, victoria@jyllp.com;karill@jyllp.com

Eve H Karasik on behalf of Debtor Cornerstone Apparel, Inc.
ehk@lnbyb.com

John W Kim on behalf of Attorney John W Kim
johnkim@jwklawgroup.com

Jeffrey Kurtzman on behalf of Creditor PREIT Services, as agent for PR Springfield Town Center, LLC
kurtzman@kurtzmansteady.com

Jeffrey S Kwong on behalf of Debtor Cornerstone Apparel, Inc.
jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Scott Lee on behalf of Creditor Committee Official Committee of Unsecured Creditors
slee@lbbslaw.com

Noreen A Madoyan on behalf of Interested Party Courtesy NEF
Noreen@MarguliesFaithLaw.com, Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| 1 | Monserrat Morales on behalf of Interested Party Courtesy NEF<br>mmorales@marguliesfaithlaw.com,<br>Helen@marguliesfaithlaw.com;Victoria@marguliesfaithlaw.com;Brian@marguliesfaithlaw.com |
| 2 | |
| 3 | Kevin M Newman on behalf of Creditors Carousel Center Company, L.P., EklecCo NewCo LLC, and Pyramid Walden Company, L.P.<br>knewman@menterlaw.com, kmnbk@menterlaw.com |
| 4 | |
| 5 | Juliet Y Oh on behalf of Debtor Cornerstone Apparel, Inc.<br>jyo@lnbrb.com, jyo@lnbrb.com |
| 6 | Kristen N Pate on behalf of Creditor GGP Limited Partnership<br>ggpbk@ggp.com |
| 7 | |
| 8 | Christopher E Prince on behalf of Interested Party Courtesy NEF<br>cprince@lesnickprince.com,<br>jmack@lesnickprince.com;mlampton@lesnickprince.com;cprince@ecf.courtdrive.com |
| 9 | |
| 10 | Lovee D Sarenas on behalf of Creditor Committee Official Committee of Unsecured Creditors<br>lovee.sarenas@lewisbrisbois.com |
| 11 | Lovee D Sarenas on behalf of Interested Party Courtesy NEF<br>lovee.sarenas@lewisbrisbois.com |
| 12 | |
| 13 | Benjamin Seigel on behalf of Interested Party Courtesy NEF<br>bseigel@greenbass.com, rholland@greenbass.com;ecfnotification@greenbass.com |
| 14 | Michael A Shakouri on behalf of Creditor c/o Goodkin & Lynch 5060 Montclair Plaza Lane Owner, LLC<br>mshakouri@goodkinlynch.com, paralegal@goodkinlynch.com |
| 15 | |
| 16 | Ronald M Tucker, Esq on behalf of Creditor Simon Property Group, Inc.<br>rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com |
| 17 | United States Trustee (LA)<br>ustpregion16.la.ecf@usdoj.gov |
| 18 | |
| 19 | Ashley R Wedding on behalf of Creditor Temecula Towne Center Associates L.P.<br>awedding@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com |
| 20 | Elizabeth Weller on behalf of Creditors Dallas County, Smith County, and Tarrant County<br>dallas.bankruptcy@publicans.com |
| 21 | |
| 22 | Timothy J Yoo on behalf of Debtor Cornerstone Apparel, Inc.<br>tjy@lnbyb.com |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                 **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Cornerstone Apparel, Inc. (8096)<br>RSN, Debtor, OUST, Top 20,<br>Committee, and Alleged Secureds | *Debtor*<br>Cornerstone Apparel, Inc.<br>5807 Smithway Street<br>Los Angeles, CA 90040 | United States Trustee<br>Kelly L. Morrison<br>915 Wilshire Blvd., Suite 1850<br>Los Angeles, California 90017 |

**Alleged Secured Creditors:**

Bank of America, N.A.
2059 Northlake Parkway 3 North
Tucker, GA 30084

Eklecco Newco, LLC
4 Clinton Square
Syracuse, NY 13202

**Top 20 Unsecured Creditors:**

Ambiance Apparel
2415 E. 15th Street
Los Angeles, CA 90021

edgemine, Inc.
1801 E. 50th Street
Los Angeles, CA 90058

Wax Jean
Attn: Steve Noh
930 Towne Ave.
Los Angeles, CA 90021

Iris / K & L
Wholesales, Corp.
3317 East 50th Street
Vernon, CA 90058

Belinda / X.E.N.O.S
1138 S. Crocker St.
Los Angeles, CA 90021

Itsme Jean, Inc.- No Factor
1100 S. San Pedro St., #L-1
Los Angeles, CA 90015

DNA Couture, Inc.
747 E. 10th St., #102-103
Los Angeles, CA 90021

Style Melody, Inc. / Lovetree
110 E. 9th Street, Suite #A-1126
Los Angeles, CA 90079

Active USA Inc.
1807 E. 48th Place
Los Angeles, CA 90058

Heart & Hips
2424 E. 26th St.
Vernon, CA 90058

Miss Avenue
776 E. 10th Street, #121
Los Angeles, CA 90074-0952

Danbee, Inc.
3360 E. Pico Blvd
Los Angeles, CA 90023

Blossom Inc.
P.O. Box 76327
Los Angeles, CA 90076

Parkway Plaza LP
c/o Starwood Capital Group
591 West Putnam Avenue
Greenwich, CT 06830

Parks at Arlington LLC
110 N. Wacker Dr.
Chicago, IL 60606

Papermoon / J & E
Trading USA, LLC
1100 S. San Pedro St., #A-4
Los Angeles, CA 90074-1084

HYFVE, Inc. (Double Zero)
Dept. LA 24406
Pasadena, CA 91185-4406

**Committee & Committee Counsel:**

| | | |
|---|---|---|
| <u>Committee Counsel</u><br>Richard Lauter<br>Lewis, Brisbois, Bisgaard & Smith LLP<br>550 West Adams Street, Suite 300<br>Chicago, IL 60661 | <u>Committee Counsel</u><br>Lovee D. Sarenas<br>Lewis, Brisbois, Bisgaard & Smith LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Reflex Trading Inc.<br>c/o Richard H. Song, Owner<br>1100 S. San Pedro Street, #D-4<br>Los Angeles, CA 90015 |
| Fashion Magazine Inc.<br>dba Fashion Art<br>c/o William Waneo Ha, CEO<br>1100 S. San Pedro St., D-l<br>Los Angeles, CA 90015 | Xenos Fashion Inc. dba Belinda<br>1616 E. 14th Street<br>Los Angeles, CA 90021 | John Lee<br>3731 Wilshire Blvd., Suite 940<br>Los Angeles, CA 90010 |
| GGP Limited Partnership<br>Attn: Julie Minnick Bowden, National Bankruptcy Manager<br>110 North Wacker Drive<br>Chicago, IL 60606 | Ivan Gold, Esq.<br>Allen Matkins Leck Gamble & Mallory, LLP<br>Three Embarcadero Center, 12th Fl.<br>San Francisco, CA 94111-4015 | Daniela Lee, General Manager<br>dba Chocolate USA<br>1150 Crocker Street<br>Los Angeles, CA 90021 |
| Simon Property Group<br>225 West Washington Street<br>Indianapolis, IN 46204 | Ronald M. Tucker<br>225 West Washington Street<br>Indianapolis, IN 46204 | Hana Financial<br>c/o Kevin Thomas,<br>SVPICustomer Credit Mgr.<br>1000 Wilshire Boulevard<br>Los Angeles, CA 90017 |
| Finance One, Inc.<br>c/o Stephen Kim, Senior VP<br>801 S. Grand Avenue, Ste. 1000<br>Los Angeles, CA 90017 | Tony Kim, Esq.<br>Kim Park Choi & Yi<br>3435 Wilshire Blvd., Ste. 2150<br>Los Angeles, CA 90010 | Alliance U.S.A., Inc.<br>dba Ambiance Apparel<br>c/o In Y. Noh, COO<br>2415 E. 15th Street<br>Los Angeles, CA 90021 |