| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| TIMOTHY J. YOO (SBN 155531)<br>EVE H. KARASIK (SBN 155356)<br>JULIET Y. OH (SBN 211414)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California  90067<br>Telephone:  (310) 229-1234<br>Facsimile:  (310) 229-1244<br>Email: tjy@lnbyb.com; ehk@lnbyb.com; jyo@lnbyb.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

| In re:<br><br>CORNERSTONE APPAREL, INC.<br>d/b/a Papaya Clothing,<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:17-bk-17292-VZ<br><br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR THE ENTRY OF**:<br><br>☒ **A FINAL DECREE AND ORDER CLOSING CASE; OR**<br><br>☐ **AN ORDER CLOSING CASE ON INTERIM BASIS**<br><br>**[11 U.S.C. § 350(a) and 1101(2); FRBP 3022; LBR 3022-1]** |
| | ☐ No hearing unless requested under LBR 9013-1(o)(4)<br>☒ Hearing Information:<br><br>DATE:         05/01/2018<br>TIME:         11:00 a.m.<br>COURTROOM: 1368<br>ADDRESS:    255 East Temple Street<br>                     Los Angeles, California 90012 |

**PLEASE TAKE NOTICE THAT** the Reorganized Debtor or chapter 11 trustee requests the entry of a final decree and/or an order closing a chapter 11 case in which a plan of reorganization was confirmed.

Your rights might be affected by this Motion.  You may want to consult an attorney.  Refer to the box checked below for the deadline to file and serve a written response.  If you fail to timely file and serve a written response, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.  You must serve a copy of your opposition upon the Reorganized Debtor, the Reorganized Debtor's attorney, the United States trustee, and on the judge pursuant to LBR 5005-2(d) and the Court Manual.

1. ☐ **No Hearing Scheduled; Notice Provided under LBR 9013-1(o):** This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for granting of motions without a hearing.  The full Motion is attached, including the legal and factual grounds upon which the Motion is made.  If you wish to oppose this Motion, you must file a

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                                    Page 1                              F 3022-1.1.MOTION.CLOSE.CH11.CASE

written response and request for hearing with the court and serve it as stated above, **no later than 14 days after the date stated on the Proof of Service of this Motion** plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F). Your opposition must comply with LBR 9013-1(f) and (o).

2. ☒ **Hearing Set on Regular Notice; Notice Provided under LBR 9013-1(d):** This Motion is set for hearing on regular notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above **no later than 14 days prior to the hearing.** Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

3. ☐ **Other** (*specify*):

Date: 05/01/2018

_____
Signature of Reorganized Debtor or trustee

CORNERSTONE APPAREL, INC.
Printed name of Reorganized Debtor or trustee

Date: 05/01/2018

/s/ Juliet Y. Oh
Signature of attorney for Reorganized Debtor or trustee, if any
JULIET Y. OH
Printed name of attorney for Reorganized Debtor or trustee, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                  Page 2                    F 3022-1.1.MOTION.CLOSE.CH11.CASE

**MOTION IN CHAPTER 11 CASE FOR ENTRY OF:**

☒ **A FINAL DECREE AND ORDER CLOSING CASE; OR**

☐ **AN ORDER CLOSING CASE ON AN INTERIM BASIS**

1. **Movant is the:** ☒ Reorganized Debtor    ☐ Chapter 11 trustee

2. **Postconfirmation Status of Bankruptcy Case:** Pursuant to 11 U.S.C. § 1101(2), FRBP 3022, and applicable case law and except as noted in the Declaration:

   a. The order confirming the plan of reorganization is final;

   b. All deposits required by the plan have been distributed;

   c. All property proposed by the plan to be transferred has been transferred;

   d. The Debtor or successor to the Debtor under the plan has assumed the business or the management of the property dealt with by the plan;

   e. All payments or other distributions under the plan have commenced; and

   f. All motions, contested matters, and adversary proceedings have been finally resolved.

3. **Relief Requested** (*check one box only*):

   a. ☒ **Motion for Entry of Final Decree In a Case that Has Been Fully Administered:** Movant requests the entry of a final decree because the chapter 11 plan has been substantially consummated and the bankruptcy case has been fully administered pursuant to 11 U.S.C. §§ 350(a), 1101(2), FRBP 3022, and applicable case law.

   b. ☐ **Motion for Entry of an Order Closing the Case on an Interim Basis:** Movant requests the entry of an order closing this bankruptcy case on an interim basis. Though the chapter 11 plan has been substantially consummated, the bankruptcy case cannot be fully administered at this time. At a later time, a motion to reopen the bankruptcy case will be filed so that a motion for entry of discharge (or other motion or contested matter) may be filed and resolved.

4. **Evidence in Support of Motion:** Movant includes as evidence the declaration and any exhibits.

Based on the foregoing, movant requests the court grant the relief requested.

Date: 05/01/2018    _____
Signature of Reorganized Debtor or trustee,
or attorney for Reorganized Debtor or trustee

CORNERSTONE APPAREL, INC.
Printed name of Reorganized Debtor or trustee,
or attorney for Reorganized Debtor or trustee

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015    Page 3    F 3022-1.1.MOTION.CLOSE.CH11.CASE

# DECLARATION OF TAE Y. YI

# IN SUPPORT OF MOTION IN CHAPTER 11 CASE FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CASE

I, TAE Y. YI, hereby declare as follows:

1. I am over 18 years of age. I am the President, Chief Financial Officer, Secretary, and one of the three shareholders of Cornerstone Apparel, Inc., d/b/a Papaya Clothing, the Reorganized Debtor herein (the "Debtor" or "Reorganized Debtor"), and am therefore familiar with the business operations and financial books and records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto.

2. I have access to the Debtor's books and records. As the President, Chief Financial Officer, and Secretary of the Debtor, I am familiar with the history, organization, operations and financial condition of the Debtor. The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor to accurately and completely take, make, and maintain such records and documents. The statements set forth in this declaration are based upon my own personal knowledge and my review of the Debtor's books and records.

3. I submit this declaration in support of the *Notice Of Motion And Motion In Chapter 11 Case For The Entry Of A Final Decree And Order Closing Case* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

4. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 15, 2017 (the "Petition Date").

5. On December 15, 2017, the Debtor filed that certain *Second Amended Disclosure Statement And Plan Of Reorganization of A Debtor Who Is Not An Individual* [Doc. No. 296] (the "Plan") in its bankruptcy case.

6. On February 20, 2018, the Court entered an order confirming the Plan [Doc. No. 399] (the "Confirmation Order") in the Debtor's bankruptcy case.

7. The Plan became effective on March 7, 2018 (the "Effective Date"). The Reorganized Debtor filed and served a notice of (i) the entry of the Confirmation Order and the Effective Date of the Plan, and (ii) the second deadline to file requests for payment of administrative expense priority claims in the Debtor's case, for the period from November 1, 2017 through March 6, 2018 [Doc. No. 441] (the "Post-Confirmation Notice") on March 7, 2018.

8. As provided for in the Plan, the Debtor's existing officers (*i.e.*, Kenneth Choi – Chief Executive Officer and Merchandise Director; Rachel Choi – Vice President, Human Resource Director; and Tae Y. Yi – President and Chief Financial Officer) have continued to retain their positions on behalf of the Reorganized Debtor, and the post-confirmation management of the Reorganized Debtor continues to be handled by the foregoing officers as well as the Board of Directors of the Reorganized Debtor.

9. As provided for in the Plan, I am acting as Disbursing Agent to collect money intended for distribution to claimants from the Reorganized Debtor and transmitting such money to claimants in accordance with the terms of the Plan.

10. In addition to paying its ordinary course operating expenses, the Reorganized Debtor is also paying the quarterly fee payments due to the Office of the United States Trustee in connection with its bankruptcy case, and is current on such payments to date.

11. Under the terms of the Plan, certain payments were required to be made by the Reorganized Debtor on or about the Effective Date (the "Effective Date Payments"). All such Effective Date Payments have been made, as discussed below.

### *Cure Payments*

12. As set forth on page 8 of the Plan, on or before the Effective Date, the Debtor was required to pay "Cure Amounts" for those unexpired leases and executory contracts assumed by the Debtor, to the extent not already paid, which the Debtor anticipated in the Plan

would total approximately $247,395. All such Cure Amounts were paid by the Debtor on or before the Effective Date.

### *Administrative Claims*

13.  As also set forth on page 8 of the Plan, on or about the Effective Date, the Reorganized Debtor was required to pay administrative claims, which the Debtor anticipated in the Plan would total approximately $2,498,242 (inclusive of administrative professional fee/expense claims). All allowed administrative claims, other than administrative professional fee/expense claims which have not yet been approved by the Court, have all been paid by the Reorganized Debtor.

14.  Estate professionals have filed their final fee applications in the Debtor's case. The hearing on such final fee applications is scheduled on April 26, 2018 at 11:00 a.m. Immediately upon obtaining Court approval of the professionals' final fee applications, the Reorganized Debtor will issue payment to the professionals of their respective allowed but unpaid fees and expenses.

15.  Based on the foregoing, I anticipate that all allowed administrative claims, including administrative professional fee/expense claims, will be paid by the Reorganized Debtor in full prior to the date and time of the hearing on the Motion.

### *Priority Tax Claims*

16.  As set forth on page 8 of the Plan, on or about the Effective Date, the Reorganized Debtor was required to pay all allowed priority tax claims, which the Debtor anticipated in the Plan would total approximately $13,621, in full. All such priority tax claims were paid by the Reorganized Debtor on or about the Effective Date, or will be paid post-Effective Date when such claims become due and payable.

### *Class 1 Priority Non-Tax Claims*

17.  As set forth on page 8 of the Plan, on or about the Effective Date, the Reorganized Debtor was required to pay all allowed priority non-tax claims (*i.e.*, Class 1a and Class 1b claims), which the Debtor anticipated in the Plan would total approximately $15,692,

in full. All such priority non-tax claims were paid by the Reorganized Debtor on or about the Effective Date.

### *Class 2 General Unsecured Claims*

18. As set forth on pages 8 and 16 of the Plan, on or about the Effective Date, the Reorganized Debtor was required to make initial distributions in the total sum of $1,000,000 to holders of allowed general unsecured claims (*i.e.*, Class 2 claims) on a *pro rata* basis. All such distributions were made by the Reorganized Debtor on or about the Effective Date. The Reorganized Debtor transferred all distributions for creditors with disputed claims to the reserve account as provided for in the Confirmation Order.

19. In addition, beginning on May 31, 2018, the Reorganized Debtor is required under the Plan to make twelve (12) quarterly distributions to holders of allowed Class 2 claims in the sum of $500,000 per quarter, and then eight (8) quarterly distributions in the sum of $437,500 per quarter. In addition, on March 31, 2023, the Reorganized Debtor is required under the Plan to make distributions to holders of allowed Class 2 claims in the sum of $1,000,000. The Reorganized Debtor has more than sufficient cash on hand to make the first quarterly distribution due on May 31, 2018 to holders of allowed Class 2 claims, and the Reorganized Debtor is confident that it will generate sufficient revenue from its ongoing business operations to make all remaining quarterly distributions (and the final distribution of $1,000,000 due on March 31, 2023) to holders of allowed Class 2 claims.

### *Class 3a-3m Secured Claims*

20. As set forth on pages 16-18 of the Plan (and Exhibit I thereto), on or about the Effective Date, the Reorganized Debtor was required to pay all allowed secured tax claims described therein in full. All such secured tax claims were paid by the Reorganized Debtor on or about the Effective Date, or will be paid post-Effective Date when such claims become due and payable.

///

///

### Class 3n Secured Claim

21.  As set forth on page 18 of the Plan, the Reorganized Debtor is required to continue making regular monthly payments on its vehicle loan form Hyundai Motor Finance. The Reorganized Debtor is continuing to make such monthly payments and is current on such payments to date.

22.  I am advised and believe that the Confirmation Order is final and non-appealable.

23.  To the best of my knowledge, all deposits required by the Plan have been made by the Reorganized Debtor and distributed.

24.  To the best of my knowledge, there is no property proposed under the Plan to be transferred. However, to the extent there is any property proposed by the Plan to be transferred, such property has been transferred.

25.  Since the Effective Date, the Reorganized Debtor is continuing to successfully operate its business. In addition, as noted above, the existing officers of the Debtor have retained their positions on behalf of the Reorganized Debtor, and the post-confirmation management of the Reorganized Debtor continues to be handled by the foregoing officers as well as the Board of Directors of the Reorganized Debtor.

26.  As discussed above, all payments or other distributions under the Plan have commenced.

27.  To the best of my knowledge, all motions, contested matters and adversary proceedings have been finally resolved, and there are no motions, contested matters, adversary proceedings, or other open matters pending before this Court in connection with the Reorganized Debtor's bankruptcy case.

I declare under penalty of perjury under the laws of the United States of America that that the foregoing is true and correct.

Executed this 9th day of April, 2018 at Commerce, California.

_____
TAE Y. YI

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION IN CHAPTER 11 CASE FOR THE ENTRY OF A FINAL DECREE AND ORDER CLOSING CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 10, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ *Service information continued on attached page*

**2. <u>SERVED BY UNITED STATES MAIL</u>**: On **April 10, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Vincent P. Zurzolo
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Suite 1360 / Ctrm 1368
Los Angeles, CA 90012

☐ *Service information continued on attached page*

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 10, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 10, 2018 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Dustin P Branch on behalf of Creditor PGIM Real Estate, Starwood Retail Partners, LLC, The Macerich Company, Westfield, LLC
branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com

John H Choi on behalf of Interested Party Courtesy NEF
johnchoi@kpcylaw.com, christinewong@kpcylaw.com

Richard T Davis on behalf of Creditor Spotsylvania Mall Company
rdavis@cafarocompany.com, lspahlinger@cafarocompany.com

John P Dillman on behalf of Creditor Cypress-Fairbanks ISD, Galveston County, Harris County, Tyler County:  houston_bankruptcy@publicans.com

Scott Ewing on behalf of Interested Party Courtesy NEF
contact@omnimgt.com, sewing@omnimgt.com;ecf@omnimgt.com;docketalarm-ecf-cacb-5715976304852992@inbound.docketalarm.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com, joguinn@fbtlaw.com

Steven T Gubner on behalf of Creditor 2253 Apparel, Inc. dba Celebrity Pink
sgubner@bg.law, ecf@bg.law

William W Huckins on behalf of Creditor Washington Prime Group Inc.
whuckins@allenmatkins.com, clynch@allenmatkins.com

Courtney J Hull on behalf of Creditor Texas Comptroller of Public Accounts
bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov

Clifford P Jung on behalf of Interested Party Courtesy NEF
clifford@jyllp.com, victoria@jyllp.com;karill@jyllp.com

Eve H Karasik on behalf of Debtor Cornerstone Apparel, Inc.
ehk@lnbyb.com

John W Kim on behalf of Attorney John W Kim
johnkim@jwklawgroup.com

Jeffrey Kurtzman on behalf of Creditor PREIT Services, as agent for PR Springfield Town Center, LLC
kurtzman@kurtzmansteady.com

Jeffrey S Kwong on behalf of Debtor Cornerstone Apparel, Inc.
jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA): dare.law@usdoj.gov

Scott Lee on behalf of Creditor Committee Official Committee of Unsecured Creditors
slee@lbbslaw.com

Noreen A Madoyan on behalf of Interested Party Courtesy NEF

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Noreen@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com

Thor D McLaughlin on behalf of Creditor Taubman Landlords
tmclaughlin@allenmatkins.com, igold@allenmatkins.com

Monserrat Morales on behalf of Interested Party Courtesy NEF
mmorales@marguliesfaithlaw.com,
Helen@marguliesfaithlaw.com;Victoria@marguliesfaithlaw.com;Brian@marguliesfaithlaw.com

Kevin M Newman on behalf of Creditors Carousel Center Company, L.P., EklecCo NewCo LLC, and Pyramid Walden Company, L.P.
knewman@menterlaw.com, kmnbk@menterlaw.com

Juliet Y Oh on behalf of Debtor Cornerstone Apparel, Inc.
jyo@lnbrb.com, jyo@lnbrb.com

Kristen N Pate on behalf of Creditor GGP Limited Partnership
ggpbk@ggp.com

Christopher E Prince on behalf of Interested Party Courtesy NEF
cprince@lesnickprince.com,
jmack@lesnickprince.com;mlampton@lesnickprince.com;cprince@ecf.courtdrive.com

Lovee D Sarenas on behalf of Creditor Committee Official Committee of Unsecured Creditors
lovee.sarenas@lewisbrisbois.com

Michael A Shakouri on behalf of Creditor c/o Goodkin & Lynch 5060 Montclair Plaza Lane Owner, LLC
mshakouri@goodkinlynch.com, paralegal@goodkinlynch.com

Ronald M Tucker, Esq on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Ashley R Wedding on behalf of Creditor Temecula Towne Center Associates L.P.
awedding@fabozzimillerlaw.com, dsandoval@fabozzimillerlaw.com

Elizabeth Weller on behalf of Creditor Dallas County, Smith County, and Tarrant County
dallas.bankruptcy@publicans.com

Eric R Wilson on behalf of Creditor Committee Official Committee of Unsecured Creditors
kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

Jeffrey C Wisler on behalf of Creditor Cigna Health and Life Insurance Company
jwisler@connollygallagher.com, dperkins@connollygallagher.com

Timothy J Yoo on behalf of Debtor Cornerstone Apparel, Inc.
tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                              F 9013-3.1.PROOF.SERVICE